HeNdersoN, Judge.
 

 When a Sheriff has seized property under
 
 njkrifadas,
 
 and before he has completed execution, another
 
 fieri facias
 
 comes to his hand with a prior lien or to speak more properly, having the preferable right of satisfaction, he should satisfy the last mentioned execution first. Without entering into a quns
 
 *328
 
 tion as to the propriety of issuing this special writ of
 
 fieri facias,
 
 (the value of the land levied on not being returned by the Sheriff, which appears to be the English pVact¡ce^ j lnust confess I am strongly disposed to support such a writ, as an easy and convenient remedy. I think there did not come to the hands of the Sheriff, before he had completed the execution, that is, before he was compellable to return the writ and pay over the money, at which time the execution was certainly completed, (though he might have completed it before the return by paying it over, if he thought proper) any
 
 fieri facias
 
 or other process, which had a preferable right to satisfaction, tiie special writ of
 
 fieri fiadas
 
 being a mere blank, and perfectly dead, until life and activity .were given to it by selling the lots levied on by virtue of the
 
 original; tor by
 
 the very words of the. special writ, the Sheriff could not seize one cent’s worth of property until the balance was ascertained, which could not be done until the lots were sold. Whether an alias execution can be connected with the original execution, when execution creditors are competing with each other, either as to its test or delivery ; whether executions bind at the Common Law between persons of the above description, from 'heir test or delivery, are questions of too much moment and difficulty to be decided on an
 
 ex parte
 
 argument in a case which docs not require it.
 

 I therefore think that the money should be paid to Al-lemong and Locke. The special
 
 fieri jadas
 
 forming no objection thereto, as being perfectly inoperative until the sale of the lots which had been levied on.